**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jorge Socrates SAJAROPULOS–HERALDEZ, Defendant–Appellant.**

**No. 12–4100.**

United States Court of Appeals, Tenth Circuit.

Oct. 29, 2012.

Gregory N. Ferbrache, Office of the Attorney General, Murray, UT, Diana Hagen, Esq., Stanley H. Olsen, Assistant U.S. Attorney, Office of the United States Attorney, Salt Lake City, UT, for Plaintiff–Appellee.

Vanessa M. Ramos, Scott Keith Wilson, Office of the Federal Public Defender, Salt Lake City, UT, for Defendant–Appellant.

Before KELLY, LUCERO, and O'BRIEN, Circuit Judges.

---

* This panel has determined that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

**ORDER AND JUDGMENT***

PER CURIAM.

After accepting a plea agreement that included a waiver of his right to appeal, Jorge Socrates Sajaropulos–Heraldez pleaded guilty to illegal reentry of a previously removed alien in violation of 8 U.S.C. § 1326. He was sentenced to 30 months in prison, which was at the low end of the advisory guidelines range determined by the district court, and a term of 24 months' supervised release. Notwithstanding the appeal waiver, he appealed. The government now has moved to enforce the waiver. *See United States v. Hahn,* 359 F.3d 1315, 1328 (10th Cir.2004) (en banc) (per curiam).

In evaluating a motion to enforce a waiver, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Counsel has filed a response stating that Mr. Sajaropulos–Heraldez does not dispute that his appellate waiver is enforceable under *Hahn.* We invited Mr. Sajaropulos–Heraldez to file a pro se response, and he has done so, arguing that we should not enforce his plea agreement. However, we find his arguments unpersuasive. Accordingly, we GRANT the motion to enforce and DISMISS this matter.